**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MICHAEL GERVINO,

        *Plaintiff,*

v.

SHELL GAS STATION; JOHN DOE I-X; &
ABC CORP. I-X,

        *Defendants.*

Civil Action No. 2:22-00009

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    This case concerns a slip and fall in Louisiana.  Currently pending is a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), and for failure to state claim pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendants Diaz Realty Investments, LLC ("Diaz Realty"), and Diaz Realty II, LLC ("Diaz II") (collectively "Defendants").[1]  D.E. 5.  The Court has considered the submissions in support of and opposed to the motion,[2] and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1(b).  For the reasons given herein, Defendants' motion is **GRANTED**.

---

[1] Neither Defendant is named in the caption.  Instead, Plaintiff sues "Shell Gas Station."  However, Defendants identify themselves as "i/p/a 'Shell Gas Station[.]'"  D.E. 5-1 at 6.  In addition, Diaz Realty and Diaz II received the summons and initial Complaint from Plaintiff and executed a waiver of service form, filed on the docket at D.E. 3.  They have since filed the instant motion in lieu of answering the First Amended Complaint.  D.E. 5.  Plaintiff has not objected to Defendants in this matter.  As a result, the Court assumes that Defendants are the appropriate parties.

[2] Defendants' brief in support of the motion, D.E. 5-1, will be referred to as "D. Br."  Plaintiff's brief in opposition, D.E. 10, will be referred to as "Opp'n."  Defendants' reply, D.E. 11, will be referred to as "D. Reply."

## I.     BACKGROUND

Plaintiff Michael Gervino lives in New Jersey.  D.E. 4 ("Am. Compl.") ¶ 2.  Defendant Diaz Realty owns the gas station and convenience store in Louisiana where Plaintiff was allegedly injured by slipping and falling on spilled oil.  *Id.* ¶¶ 1, 6, 8; D.E. 5-2 ("Eastlack Decl.") ¶ 6. Defendant Diaz II operated the gas station and convenience store at the time of the alleged incident. Eastlack Decl. ¶ 5.  Defendants are registered in and maintain their principal place of business in Louisiana.  *Id.* ¶¶ 4-5.  Defendants do not own anything in New Jersey, nor do they conduct any business in the state; Defendants also do not have and have never had employees or members in New Jersey. *Id.* ¶¶ 10-15.

Plaintiff filed the Complaint on January 3, 2022.  D.E. 1.  Plaintiff then filed an Amended Complaint on March 9, 2022.  Am. Compl.  The Complaint brings a single claim for negligence. *Id.* ¶ 1.  Defendants then filed the instant motion to dismiss.  D.E. 5.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) permits a party to move to dismiss for "lack of personal jurisdiction[.]"  Fed. R. Civ. P. 12(b)(2).  In such a motion to dismiss, the plaintiff "bears the burden of demonstrating the facts that establish personal jurisdiction[.]"  *Laurel Gardens, LLC v. Mckenna*, 948 F.3d 105, 113 n.5 (3d Cir. 2020).  Initially, a court "take[s] the allegations of the complaint as true."  *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996).  However, once a defendant raises a jurisdictional defense, "a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper."  *Id.*  In reviewing the evidence, a court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff."  *Laurel Gardens,* 948 F.3d at 113 n.5 (quoting *Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992)); *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003).  Therefore, in determining whether personal jurisdiction exists, the Court looks

beyond the pleadings to all relevant evidence and construes all disputed facts in favor of the plaintiff.

There are numerous ways in which a plaintiff can demonstrate personal jurisdiction, including waiver, consent, in-state service on an individual, general jurisdiction, and specific jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (discussing general and specific jurisdiction); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590-97 (1991) (regarding consent via a forum selection clause); *Burnham v. Superior Ct. of Cal.*, 495 U.S. 604, 628 (1990) (regarding in-state service); *In re Asbestos Prods. Liab. Litig.* (*No. VI*), 921 F.3d 98, 104-05 (3d Cir. 2019) (regarding waiver); *Jasper v. Bexar Cnty. Adult Det. Ctr.*, 332 F. App'x 718, 719 (3d Cir. 1999) (regarding consent).

This matter primarily concerns general (or all-purpose) jurisdiction. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. --, 141 S. Ct. 1017, 1024 (2021). General jurisdiction exists when a defendant is "essentially at home in the state" and "extends to any and all claims brought against a defendant. *Id.* (citation omitted). The claim can be based on events or the defendant's activity anywhere in the world and do not need to relate to the forum state. *Id.* Specific jurisdiction, in contrast, focuses on the "relationship among the defendant, the forum, and the litigation." *Id.* at 1029 (internal quotation marks and citation omitted).

**III**. **ANALYSIS**

**A. Specific Personal Jurisdiction**

Gervino concedes that the Court does not have specific jurisdiction over Defendants. Opp'n at 8. As it is Plaintiff's burden to establish that the Court has personal jurisdiction over Defendants, the Court accepts this concession. *Dayhoff Inc.*, 86 F.3d at 1302.

### B. General Personal Jurisdiction

Plaintiff instead argues that the Court has general personal jurisdiction over Defendants. Opp'n at 8.  For corporations, the inquiry focuses on "whether that corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (internal quotations omitted).  A corporation is subject to general personal jurisdiction in its state of incorporation and the state where it has its principal place of business.  *Ford Motor Co.*, 141 S. Ct. at 1024.  But the Supreme Court has held out "'the possibility that in an exceptional case' a corporation might also be 'at home' elsewhere[.]"  *Id.* (quoting *Daimler*, 571 U.S. at 139 n.19).

Defendants, however, are limited liability companies.  Eastlack Decl. ¶¶ 4-5.  The United States Supreme Court has not addressed whether the test for corporations applies to limited liability companies.  *See, e.g.*, *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 n.10 (5th Cir. 2020).  Nor does it appear that the Third Circuit has spoken to this issue.  In *Frank*, the Fifth Circuit explained that "the rationale behind" the "at home" analysis of *Daimler* "is to rely on a business's domicile or place of principal business as a guidepost in ascertaining where the business is 'at home.'  Considering this premise, the entity type is not germane to this jurisdictional analysis; instead, it is the company's domicile that merits attention." *Id.*  It further appears that the trend in this District is to apply the standard from *Daimler* to limited liability companies as well.  *E.g.*, *Robert E. Havell Revocable Tr. v. 41 Still Rd, LLC*, No. 20-2468, 2021 WL 754032, at *2 (D.N.J. Feb. 25, 2021); *Frutta Bowls Franchising LLC v. Bitner*, No. 18-2446, 2018 WL 6499760, at *3 (D.N.J. Dec. 10, 2018).  And both parties use the test for corporations in their respective arguments. Opp'n at 7-8; D. Reply at 3-4.  As a result, the Court applies the *Daimler* "at home test" to assess whether it has general personal jurisdiction over Defendants.

Defendants argue that they are registered and have their principal place of business in Louisiana and are not in any way "at home" in New Jersey. D. Br. at 12-13. Indeed, they take the position that they do not have any at all with New Jersey, let alone substantial and continuous contacts tantamount to physical presence. *Id.*; D. Reply at 5. Gervino argues that because of Defendants' affiliation with Shell gas stations, which operate in New Jersey and forty-eight other states, Defendants are essentially at home in New Jersey. Opp'n at 8-9. Defendants counter that Gervino provides no authority to support his argument. D. Reply at 7.

Gervino has not established that Defendants are subject to general personal jurisdiction in New Jersey, and it is Gervino's burden to do so. *Dayhoff Inc.*, 86 F.3d at 1302. Both Defendants are registered in Louisiana and have their principal places of business there. Eastlack Decl. ¶¶ 4-5. Under *Daimler*, both Defendants would be considered "at home" in Louisiana, not New Jersey. Additionally, Defendants' mere affiliation with Shell does render Defendants essentially at home in New Jersey. In *Daimler*, the Supreme Court explicitly rejected the theory that an out-of-state corporation would be subject "to general jurisdiction whenever they have an in-state subsidiary or affiliate[.]" 571 U.S. at 136.

Plaintiff has not shown that the Court personal jurisdiction over Defendants. Because the Court does have not personal jurisdiction over Defendants, it does not reach their arguments regarding venue or whether Plaintiff can state a claim. *Donnenfeld v. Petro Home Servs.*, No. 16-882, 2017 WL 1250992, at *2 (D.N.J. Mar. 24, 2017).

## III.   CONCLUSION

For the foregoing reasons, and for good cause shown,

It is on this 7th day of July 2022, hereby

5

**ORDERED** that Defendants' motion to dismiss, D.E. 5, for lack of personal jurisdiction

is **GRANTED**; and it is further

**ORDERED** that the Complaint is **DISMISSED without prejudice**.


_____

John Michael Vazquez, U.S.D.J.